**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH A. HERSHEY,

Petitioner,

v.

Case Number: 08-cv-15271
Honorable Victoria A. Roberts

DEBRA L. SCUTT,

Respondent.
_________________________________/

**OPINION AND ORDER**
**(1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Kenneth A. Hershey is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On December 24, 2008, he filed a *pro se* "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. Petitioner pleaded guilty to breaking and entering, MICH. COMP. LAWS § 750.110, in the Muskegon County, Michigan, Circuit Court, and was sentenced, as a habitual offender, third, MICH. COMP. LAWS § 769.11, to two-years-six months-to-twenty-years imprisonment. For the reasons discussed, the Court denies Petitioner's Petition.

I.

Petitioner was placed on parole for a term to expire on February 15, 2005. His parole was extended until February 15, 2007, for failure to pay a sixty-dollar assessment to the Crime Victims Rights Fund. He alleges that he was informed that the fee had been paid. After his discharge date arrived, it is his position that he was *de facto* discharged because he fulfilled his parole requirements. Because he failed to comply, the Michigan Parole Board revoked his

parole and gave him a twenty-four-month continuance

Petitioner filed a State-Habeas Petition alleging that he did not owe the fee because the Circuit Court Collections Office records indicated that he had a zero balance as of April 16, 1997. The state court denied his request for relief twice, holding that the records error did not operate to overrule the trial court's original Order to pay the fee. *People v. Hershey*, No. 96-13978 (Muskegon County Circuit Court, Aug. 3, 2007 and Dec. 19, 2007).

Petitioner filed a Complaint for a Writ of Habeas Corpus in the Michigan Court of Appeals, which was dismissed "for lack of jurisdiction because plaintiff, who is a prisoner under the supervision of the Department of Corrections, owes a fee of $371 in the civil action of *Hershey v. Department of Corrections*, Docket No. 274220, which he filed while under the Department's supervision." *People v. Hershey*, No. 28115 (Mich.Ct.App. June 5, 2008).

On July 3, 2008, Petitioner filed an Application for Leave to Appeal that decision in the Michigan Supreme Court. On July 25, 2008, the Michigan Supreme Court issued an Order requesting Petitioner to pay the partial filing fee within twenty-one days of the Order. Petitioner failed to do so. Therefore, per Order of the Chief Justice, the Clerk of Court was directed to close the file. *Hershey v. Dep't of Corrs.*, No. 136799 (Mich. Sept. 3, 2008).

Petitioner then filed this Habeas Petition, raising what seems to be the following claim:

I. Petitioner was denied due process of law under the 14th Amendment when he relied upon state officials' representations that he had completed his parole and then his parole was revoked for a parole violation, and he was returned to prison.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No.

104-132, 110 Stat. 1214 (AEDPA), altered the standard of review that federal courts must apply when reviewing a Petition for Writ of Habeas Corpus. The AEDPA standard of review applies to all Habeas Petitions filed after April 24, 1996, the effective date of the Act. 28 U.S.C. § 2254(d) imposes the following standard:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under (d)(1), a federal court may grant a Writ of Habeas Corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005).

An "unreasonable application" occurs when "a state[-]court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Williams*, 529 U.S. at 407-08; *White*, 431 F.3d at 523. Relief is also available under this clause if the state-court

decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Williams*, 529 U.S. at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004). A federal-habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410-11.

In analyzing whether a state-court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *but see Williams v. Coyle*, 260 F.3d 684, 699 & n. 8 (6th Cir. 2001) (noting mixed signals from Supreme Court and deciding that holdings at time the petitioner's conviction became final shall control). The Sixth Circuit recently stated:

> However, 'the lack of an explicit statement' of a particular rule by the Supreme Court 'is not determinative' of clearly established federal law, since '[t]he Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (quoting *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)). The Court may not look to lower federal court decisions to formulate the relevant rule of law but only to Supreme Court holdings. *James v. Brigano*, 470 F.3d 636, 643 (6th Cir. 2006). However, it may look to lower courts of appeals' decisions to the extent they interpret and explain those Supreme Court holdings to determine whether a legal principle

had been clearly established by the Supreme Court. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The Court is also bound by prior Sixth Circuit decisions concluding that federal law on a particular issue has been clearly established by certain Supreme-Court holdings. *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004).

III.

A.

Petitioner claims that he was denied due process when the Parole Board revoked his parole. The Supreme Court has held that there is no right under the United States Constitution for a lawfully-convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990) (citing *Greenholtz*, 442 U.S. at 7). While there is no federal constitutional right to parole, the Supreme Court held that a convicted person may have a liberty interest created by a State's laws,which is subject to constitutional protection. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Thompson*, 490 U.S. at 461. "Stated simply," the Supreme Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). The Supreme Court further advised:

> A State may do this in a number of ways. Neither the drafting of regulations nor their interpretation can be reduced to an exact

> science. Our past decisions suggest, however, that the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making, [] and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Thompson*, 490 U.S. at 462 (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Supreme Court requires "that the regulations contain 'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.* at 463 (quoting *Hewitt*, 459 U.S. at 471-72).

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit concluded that a liberty interest in parole does not arise under Michigan law. *Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F.Supp.2d 319, 322 (E.D.Mich. 2001); *Lee v. Withrow*, 76 F.Supp.2d 789, 792 (E.D.Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served but that it allows an early parole as an exception to the minimum-term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.*

The trial court, in denying Petitioner's State-Court Habeas Petition, stated:

> A review of the court filed indicates that on April 11, 1997, an order was signed which discharged petitioner from probation and suspended any obligation of the original sentence except for unpaid supervision fees. The court Collection Department apparently credited that defendant for any balances owed which included the Crime Victims fee which was assessed in the original sentence.

> However, the Collections Office erroneously failed to take into account the Judgment of Sentence that resulted from the probation violation which assessed a $60 Crime Victims fee. This error by the Accounting Department does not operate to overrule the order of the court as reflected in the Judgment of Sentence. Accordingly, there was no error in the Parole Board's decision to extend petitioner's parole as a result of nonpayment of the fee. Petitioner is not entitled to relief and the petition is **DENIED**.

*People v. Hershey*, No. 96-13978 (Muskegon County Circuit Court, Aug. 3, 2007).

The state court found that a bookkeeping error did not supersede the court Order to pay. Petitioner therefore does not overcome the presumption that the trial court's finding, specifically that the Parole Board's authority to reinstate his parole status, was correct. Furthermore, Petitioner has no protected liberty interest in parole. *Greenholtz*, 442 U.S. at 7. Moreover, a state has no duty to establish a parole system and the presence of such a system by itself does not give rise to a constitutionally-protected interest in parole release. *Id.* Rather, a liberty interest exists only if state law entitled an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Against that backdrop, Petitioner's claim that the Parole Board's decision to revoke his parole violated his due process rights is without merit. Petitioner has also not shown that he is being held beyond the expiration of his sentence. Habeas relief is not warranted.

B.

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a Habeas Petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at

the time the court rules on a Petition for a Writ of Habeas Corpus or may wait until a Notice of Appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying Petitioner's Habeas Petition, the Court studied the record and the relevant law, and concludes that, it is in the best position to decide whether to issue a COA. *Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's denial of Petitioner's Petition, and therefore, the Court declines to issue Petitioner a COA. Nor is Petitioner granted leave to proceed on appeal *in forma pauperis*. *See* Fed.R.App. P. 24(a).

IV.

The Court **DENIES WITH PREJUDICE** Petitioner's "Petitioner for Writ of Habeas Corpus" [dkt. # 1].

The Court **DECLINES** to issue Petitioner a Certificate of Appealability and an

Application for Leave to Appeal *In Forma Pauperis*.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth A. Hershey by electronic means or U.S. Mail on July 13, 2009.

s/Carol A. Pinegar
Deputy Clerk